UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VALLEY HOUSING LIMITED      :
PARTNERSHIP, ET AL.,        :
                            :
    Plaintiffs,             :
                            :
    v.                      :      CASE NO. 3:06CV1319(RNC)
                            :
CITY OF DERBY, ET AL.,      :
                            :
    Defendants.             :

## ORDER

Pending before the court is the defendants' Motion to Determine Sufficiency of Plaintiffs' Responses to Defendants' Requests for Admissions and for Sanctions (doc. #64) and the defendants' Motion for Sanctions (doc. #65).

Fed. R. Civ. P. 36 provides that a party responding to requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond. "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a). "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences. When good faith requires that a party qualify an answer or deny only part of a matter, the answer

must specify the part admitted and qualify or deny the rest." 7 Moore's Federal Practice § 36.11 (3d ed.). Similarly,

> a responding party may choose not to deny the request completely but to deny only part of the request. The responding party may then, in good faith, qualify its answer or deny only part of a matter. In that case, the responding party must state specifically the part admitted and deny (or qualify) the rest. On the other hand, when a request contains interdependent, compound issues, a party may deny the entire statement if it is premised on a fact that is denied.

Id. The party opposing a motion to determine sufficiency bears the burden of persuading to show the court that its objection to the request is warranted or that its answer is sufficient. Id.

> "A motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response. Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial. Nor may a court order that the subject matter of a request be admitted because the opposing party's denial is unsupported by evidence.

Id. "Rule 37(c) provides that a party who refuses to admit a certain matter in response to a Rule 36 requests can, under certain circumstances, be held liable for expenses incurred by the opposing party in proving that particular matter at trial." Foretich v. Chung, 151 F.R.D. 3, 4-5 (D.D.C. 1993).

Having reviewed the parties' submissions and the applicable law, the court finds that the plaintiffs' responses as to the following requests for admission are sufficient: 1, 2, 3, 4, 5, 6, 7, 15, 16, 17, 20, 21, 30, 38, 40, 41, 46, 47, 49, 52, 53, 54, 55, 56, 57, 58, 60, 62, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75,

76, 77, 78, 79, 81, 82, 84, 86, 87, 88, 90, 91, 92, 93, 94 and 95.

The parties agreed at oral argument that they have resolved their dispute as to the following requests for admission: 11, 48 and 89. The motion is denied as moot as to these requests.

As to the following requests, the objection is overruled but the remainder of the response is found to be sufficient: 10, 22, 23, 25, 26 and 28.

As to the following requests for admission, the objection is overruled and the plaintiffs shall supplement their answers: 29, 45 and 85.[1]

The defendants' motion for sanctions (doc. #65) is denied.

SO ORDERED at Hartford, Connecticut this 17th day of January, 2008.

/s/
Donna F. Martinez
United States Magistrate Judge

---

[1] Subsequent to oral argument, the plaintiffs filed a "Notice of Provision of Plaintiffs' Amended Responses and Objections" (doc. #80) advising the court that they had supplemented some of their responses, including these three. The defendants filed an objection to that notice (doc. #82). The plaintiffs' notice, as a discovery item, was not properly filed with the court. See Local Rule 5(f). If the parties, upon review of this order, are unable to resolve their dispute, the defendants may file a new discovery motion in compliance with Local Rule 37(a). Any such motion shall be filed on or before January 28, 2008.