UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------------X
Valley Housing LP et al.,

                              Plaintiffs,        Order
     -against-                             Case No. 06-cv-1319 (TLM)

City of Derby et al.,

                              Defendants
----------------------------------------------------------------X

Before the Court is defendants' post-trial memorandum as to their right of set off in the event of a plaintiffs' verdict [Rec. Doc. 261] and plaintiffs' memorandum in opposition thereto [Rec. Doc. 271]. The attorneys for the parties agreed on May 2, 2011 that the issue of set off was an issue of law to be determined by the Court [*Transcript not yet available*]. Based on the attorneys' representation, the Court set a briefing schedule on the issue that resulted in defendants' and plaintiffs' memoranda presently before the Court. As the Court indicated it would do, the issue of set off will be resolved by the Court after it was fully briefed and prior to the Court's ruling on the merits, which awaits the filing of the trial transcripts and the parties' submittals of revised findings of fact and conclusions of law based on the transcripts.

For the reasons that follow, the Court finds defendants' fifth affirmative defense fails as a matter of law and that defendants are not entitled to a set off of any sums plaintiffs received from the Connecticut Housing Finance Authority (CHFA) from an

1

award of damages that the Court may hold that plaintiffs are entitled to recover from defendants when the Court issues its ruling on the merits.

I. Background

Before the commencement of trial on May 2, 2011, defendants filed a Motion to Amend their Answer under Federal Rule of Civil Procedure 15(b) [Rec. Doc. 243]. The Court deferred ruling on defendants' motion to give plaintiffs' attorneys the opportunity to make what, if any, response they deemed appropriate. [Rec. Doc. 248]. On May 6, 2011, the Court granted defendants' motion to amend their answer, which added the following fifth affirmative defense: "The defendants claim the right to set off from any judgment in this matter, any amount received by the plaintiffs from third party sources." [Defs.' Am. Answer 8, Rec. Doc. 244].

After the Court granted defendants' motion, the Court allowed plaintiffs to re-call Brett Hill, plaintiff HOME, Inc.'s president and executive director, in order to alleviate any prejudice, perceived or otherwise, to plaintiffs from defendants' amended answer that the Court allowed to be filed so late in the trial. *See Hillburn v. Maher*, 795 F.2d 252, 264 (2d Cir. 1986) ("The import of Rules 15(a) and (b) combined is that (1) a motion to amend the pleadings to conform them to the evidence may be made at any time; (2) if the motion is made during trial, either in response to an objection to evidence concerning issues not raised by the pleadings or without such

2

an objection, it may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment, and it should be granted in the absence of prejudice if the interests of justice so require . . . ."); *see also Van Alstyne v. Ackerley Group, Inc.*, 8 Fed. App'x 147, 154-55 (2d Cir. 2001); *Clark v. Martinez*, 295 F. 3d 809, 816 (8th Cir. 2002) (finding that offer to recall witness eliminated any unfairness of prejudice of having examined witness before having notice of affirmative defense). Hill testified on the issue of set off on May 6, 2011 [Rec. Doc. 253].

II. Set off of collateral sources

Defendants assert that because plaintiffs received funds, in the form of, first, a loan and, second, Housing Tax Credit Contributions, from CHFA, that, in part, defrayed expenses that are claimed as damages suffered by plaintiff as a result of Derby's alleged discriminatory acts, they should be entitled to set off from those damages in the event of a finding for the plaintiffs on the merits of their claims.

Neither of the parties cited, nor was the Court able to find, a case in the Second Circuit applying the collateral source rule in a Fair Housing Act case. However, the Second Circuit has stated that "[t]he weight of common law authority is that collateral sources are not deductible from a tort damage award." *Equal Employment Opportunity Comm'n v. Enterprise Ass'n Steamfitters Local No. 638*, 542 F.2d 579, 591 (2d Cir. 1976); *see also Dailey v. Societe Generale*, 108 F.3d 451, 460-461 (2d

3

Cir. 1997)(holding that "decision whether or not to deduct unemployment benefits from a Title VII back pay award rests in the sound discretion of the district court" and noting other circuits have found "that even where court has discretion to deduct, as between conferring windfall to victim of wrongdoing and wrongdoer, victim is the 'logical choice'").

Defendants do cite a Fair Housing Act case where the United States District Court for the District of Maryland applied the collateral source rule [Defs.' Post Trial Br. 6, Rec. Doc. 261] (citing *Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F. Supp. 2d 456, 465 n. 9 (D. Md. 2000)); *see also Southern California Housing Rights Center v. Krug*, 564 F. Supp. 2d 1138, 1152 (C.D. Cal. 2007)(citing *Baltimore Neighborhoods*, 92 F. Supp. 2d at 465). The Court in *Baltimore Neighborhoods* found that the collateral source rule applies in Fair Housing Act cases, relying in part on the United States Supreme Court's statement that "[a] damages action under [the Fair Housing Act] sounds basically in tort . . . " *Curtis v. Loether*, 415 U.S. 189, 195, 94 S. Ct. 1005, 1009 (1974).

The Second Circuit, as plaintiffs point out, has applied the collateral source rule in other federal cases and cited the Second Restatement of Torts' articulation of the rule. *See Texport Oil Co. v. M/V AMOLYNTOS*, 11 F.3d 361, 367 (2d Cir. 1993) (citing Restatement) (finding collateral source rule applied because Carriage of Goods

by Sea Act claim was "in the nature of a mixed tort, contract and bailment cause of action"), overruled on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995); *see also Thyssen, Inc. v. S/S Eurounity*, 21 F.3d 533, 537-38 (2d Cir. 1994)("Under this doctrine, '[t]he question is not whether a windfall is to be conferred, but rather who shall receive the benefit of a windfall which already exists. As between the injured person and the tortfeasor, the former's claim is the better. This may permit a double recovery, but it does not impose a double burden. The tortfeasor bears only the single burden for his wrong.'" (quoting *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525, 534 (9th Cir.1962)). The Restatement states:

> (1) A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability;
> (2) Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.

*Restatement (Second) of Torts § 920A*.

The Court finds that the payments from the CFHA loan and tax credits were collateral sources and that the defendants are not entitled to a set off of those amounts in the event of an award of damages by the Court in plaintiffs' favor. As defendants did not contribute to the CHFA loan funds or tax credits, they are not entitled to receive a set off of any damages that plaintiffs may have suffered as a result of defendants' alleged discriminatory conduct.

The Court notes further that while defendants would not be entitled to a set off even if plaintiffs were to receive a double recovery, based on the record before the Court, no double recovery is likely. Home Development Inc.'s promissory note in favor of CHFA defers payment of interest and principal until the loan matures, except for annual payments from "Surplus Cash." [Defs.'s Ex. 93, 1]. The uncontradicted testimony of Brett Hill is that some, if not most, of the damages from which defendants seek a set-off, will have to be paid back to CHFA in the annual payments from surplus cash. [*Transcript not yet available*].

The Court notes still further that the promissory note from plaintiff Home Development, Inc. in favor of CHFA does defer payments of interest and principal (other than from surplus cash) until maturity, which is June 1, 2042. At that time, *if* Home Development Inc. agrees that for an additional 30 years, i.e., until 2072, it will: maintain the development for supportive housing and/or as affordable housing and/or for other purposes "upon terms and conditions satisfactory to" CHFA and the state of Connecticut, then the loan will be forgiven, subject to certain other conditions not relevant to the issue before the Court [Defs.' Ex. 93, 1]. Whether or not plaintiffs will have to repay the CHFA loan at some date in the future does not affect the Court's conclusion that the loan and tax credits were collateral sources. On the record before the Court, plaintiffs have debt that they will have to repay and it would be pure

speculation for the Court to conclude that the loan will be forgiven.

III. Conclusion

For the reasons set forth above, defendants' fifth affirmative defense fails as a matter of law. Defendants' amended answer setting forth its fifth affirmative defense [Rec. Doc. 244] is stricken from the record of this proceeding.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

May 31, 2011
Bridgeport, CT