```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                    :
VALLEY HOUSING LIMITED              :
PARTNERSHIP AND HOUSING             :
OPERATIONS MANAGEMENT               :
ENTERPRISE, INC.                    :
v.                                  :   CIV. NO. 3:06CV1319 (TLM)
                                    :
CITY OF DERBY AND                   :
DAVID KOPJANSKI                     :
```

RULING ON DEFENDANTS' MOTIONS FOR RECONSIDERATION

Pending before this Court are three motions for reconsideration [doc. # 330, 337, 338], filed by defendants City of Derby and David Kopjanski. Defendants move for reconsideration of three Orders of this Court with regard to defendants' efforts to pursue discovery to oppose plaintiffs' motion for attorney's fees [doc. # 302].

The first Order [doc. # 328], dated September 15, 2011, granted in part and denied in part defendants' motion to compel production of the fee agreement between plaintiffs and their counsel. The Court held that the fee agreement would be produced to the Court for review and, upon review, disclosure to defendants would be ordered if the Court deemed it relevant to the plaintiffs' motion for attorney's fees. The second Order [doc. # 336], dated September 29, 2011, denied defendants' motion to take the deposition of David Rosen for failure to comply with Local Rule of Civil Procedure 37. The third Order [doc. # 336],

1

dated September 29, 2011, denied defendants' motion for extension of time to file a response to plaintiffs' application for attorney's fees.

With regard to the Order denying disclosure of the fee agreement to defendants [doc. # 328], the Court has reviewed the fee agreement between plaintiffs and David Rosen and Associates, and between plaintiffs and New Haven Legal Assistance Association and finds that there is nothing in either agreement which would assist defendants in opposing plaintiffs' application for attorney's fees.

The Supreme Court in Perdue v. Kenny A., 130 S. Ct. 1662 (2010), held that the determination of a reasonable attorney's fees should be based on the lodestar calculation of reasonable hours expended multiplied by the reasonable hourly rate. Id. at 1671-72. In Perdue, the Court rejected the use of the 12 Johnson[1] factors as a method for calculating attorney's fees, stating that the method "gave very little actual guidance to the district courts". Id. at 1672 (citations omitted). Post-Perdue, whether

---

[1] The Johnson factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430, n. 3 (1983).

the fee is fixed or contingent, a Johnson factor, and therefore the fee agreements themselves, are not relevant to the Court's determination of attorney's fees.[2] See Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Perdue and Arbor Hill, 552 F.3d 182, stating that, "[b]oth this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee."). To be sure, these agreements contain no hourly rates or estimate of fees, the arguably relevant information in a fee agreement[3] for calculating attorney's fees under the lodestar method approved in Perdue.

Finally, in their motion for reconsideration, defendants, without citing any authority, list a number of items -such as the terms of the agreement, who is going to receive the money based on the agreements, the date the agreement was entered- that they believe bear on the reasonableness of the fee to be awarded. The

---

[2] Even before Perdue, the relevancy of a contingency fee agreement in the determination of attorney's fees was questioned. See Blanchard v. Bergeron, 489 U.S. 87 (1989) (holding that a reasonable § 1988 fee is not limited by the amount in the contingency fee agreement.).

[3] Defendants argue that the standard is not whether the fee agreements are relevant but whether their production could lead to other admissible evidence that would be relevant. For purposes of a motion for attorney's fees, which "should not result in a second major litigation", the Court sees no difference; either the additional discovery is of assistance in resolving the issues or it is not, and here the Court finds that the fee agreements are not helpful. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Court disagrees. The Court's review will be focused on the reasonableness of the hourly rates sought and hours expended, neither of which is affected by the date on which the fee agreements were entered, who signed the agreements, or any of the other items defendants list. As such, the motion for reconsideration is GRANTED[4], and the Court affirms its Order DENYING disclosure of the fee agreements.

Next, the Court turns to its Order denying the deposition of David Rosen [doc. # 336] for failure to comply with Local Rule 37. Defendants argue that the meet and confer obligations of Local Rule 37 did not apply because Rule 37 applies when there is a discovery dispute. Defendants state that there was no dispute because defendants were seeking permission to conduct discovery in the first place. The reason there was no discovery dispute, plaintiffs argue, is because defendants never approached plaintiffs to discuss what, if any, discovery would be needed in relation to the attorney's fees petition, including whether Attorney Rosen would agree to sit for a deposition. Indeed, although the Court encourages good faith discussions at all stages of discovery, the meet and confer requirements in Local

---

[4] The Court notes that it entertains the merits of defendants' motions in order to provide finality to parties on the issues, but does not concede the defendants have met the rigorous standard necessary for reconsideration. See Local R. Civ. Proc. 7(c)(1), (motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.").

4

Rule 37 attach when there is a discovery dispute. However, by filing the motion for discovery without meeting and conferring, defendants, who may have pre-empted the dispute, created a dispute, evidenced by plaintiffs' objections to defendants' motion to take the deposition. Moreover, the Court finds the defendants' characterization of its motion as one for permission to even engage in discovery disingenuous, as evidenced by the fact that on September 23, 2011, defendants deposed Margaret Mason without leave of Court. The Court agrees that the parties are permitted to conduct limited discovery on the attorney's fees issue. The Court will entertain any discovery motions or aid in any discovery disputes that are properly put before the Court. The motion for reconsideration is GRANTED, and the Court affirms its previous decision, without prejudice to either party.

Finally, defendants argue that the Order denying the second extension of time to respond to plaintiff's fee request [doc. # 336] should be reversed to prevent injustice, given that if the fee agreements are deemed relevant by the Court they would have to incorporated into their objection. The Court adhered to its ruling denying the disclosure of the fee agreements; therefore, defendants' request for more time to brief arguments related to the fee agreements is rendered MOOT.

**Conclusion**

For the reasons articulated, the motions for reconsideration are GRANTED and the Court adheres to its previous Orders.  This

is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

      SO ORDERED at Bridgeport this 15th day of December 2011.

                                                                  /s/
                                        HOLLY B. FITZSIMMONS
                                        UNITED STATES MAGISTRATE JUDGE